UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JARRETT MILLER,<br><br>                          Plaintiff,<br>    v.<br><br>C/O ERNEST FLOOR C/O,<br><br>                         Defendant. | Case No. 2:24-cv-00404-RFB-MDC<br><br>ORDER |

      This action is a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by a former state prisoner. In compliance with this Court's order, Plaintiff has submitted an application to proceed in district court without prepaying fees or costs following his release from prison. (ECF Nos. 20, 21). The Court grants Plaintiff leave to proceed without prepayment of fees or costs under 28 U.S.C. § 1915(a)(1).[1]

      On November 20, 2024, the Court entered a screening order. (ECF No. 5). The screening order imposed a stay, and the Court entered a subsequent order assigning the case to mediation by a court-appointed mediator. (ECF No. 5, 8). The Court set up two separate mediation conferences, but because Plaintiff was in and out of different detention facilities, he either did not receive notice of the conferences or was not able to communicate with the Court about his availability, and he did not participate in either conference. Rather than setting another mediation conference, the Court will set this case back on a normal litigation track. The parties are free to discuss settlement on their own.

**IT IS THEREFORE ORDERED** that:

    1.    Plaintiff's application to proceed in district court without prepaying fees or costs (ECF No. 21) is **GRANTED**.

---

[1] Plaintiff is not subject to the requirements of 28 U.S.C. § 1915(a)(2), (b) because he is no longer a "prisoner" within the meaning of the statute. *See* 28 U.S.C. § 1915(h).

1

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.

3. The Clerk of the Court will electronically **SERVE** a copy of this order and a copy of Plaintiff's complaint (ECF No. 6) on the Office of the Attorney General of the State of Nevada, by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

4. Service must be perfected within ninety (90) days from the date of this order pursuant to Fed. R. Civ. P. 4(m).

5. Subject to the findings of the screening order (ECF No. 5), within **twenty-one (21) days** of the date of entry of this order, the Attorney General's Office will file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office will file, *under seal*, but will not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office will attempt to obtain and provide the last known physical address(es).

6. If service cannot be accepted for any of the named defendant(s), Plaintiff will file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff will provide the full name and address for the defendant(s).

7. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) will file and serve an answer or other response to the complaint within **sixty (60) days** from the date of this order.

///

8. Plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1. However, if Plaintiff mails the document to the Court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

9. This case is no longer stayed.

DATED: May 28, 2025

_____
UNITED STATES MAGISTRATE JUDGE